Brent H. Blakely (SBN 157292)
bblakely@blakelylawgroup.com
Michael Marchand (SBN 281080)
mmarchand@blakelylawgroup.com
BLAKELY LAW GROUP
1334 Parkview Avenue, Suite 280
Manhattan Beach, CA 90266
Telephone: (310) 546-7400
Facsimile: (310) 546-7401

*Attorneys for Plaintiffs*
*Coach, Inc. and Coach Services, Inc.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COACH, INC., a Maryland Corporation; COACH SERVICES, INC., a Maryland Corporation, <br><br> Plaintiffs, <br><br> v. <br><br> LONGWIN INC., a California Corporation; SU CHIANG, an individual; and DOES 1-10; inclusive <br><br> Defendants. | CASE NO. CV <br><br> **COMPLAINT FOR DAMAGES:** <br><br> 1. **TRADEMARK COUNTERFEITING** <br><br> 2. **FEDERAL TRADEMARK INFRINGEMENT** <br><br> 3. **TRADE DRESS INFRINGEMENT** <br><br> 4. **FALSE DESIGNATIONS OF ORIGIN AND FALSE DESCRIPTIONS** <br><br> 5. **VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200 ET SEQ.** <br><br> 6. **COMMON LAW UNFAIR COMPEITION AND TRADEMARK INFRINGEMENT** <br><br> **[JURY TRIAL DEMANDED]** |

Plaintiffs Coach, Inc., and Coach Services, Inc. ("Plaintiffs" or "Coach") for their claims against Defendants LongWin Inc. and Su Chiang (collectively, "Defendants") allege as follows:

an office and principal place of business at 16516 Gale Avenue, City of Industry, CA 91745.

7. Upon information and belief, Defendant Su Chiang is an officer and/or owner of Defendant LongWin.

8. Plaintiffs are unaware of the names and true capacities of Defendants, whether individual, corporate and/or partnership entities, named herein as DOES 1 through 10, inclusive, and therefore sues them by their fictitious names. Plaintiffs will seek leave to amend this complaint when their true names and capacities are ascertained. Plaintiffs are informed and believes and based thereon alleges that said Defendants and DOES 1 through 10, inclusive, are in some manner responsible for the wrongs alleged herein, and that at all times referenced each was the agent and servant of the other Defendants and was acting within the course and scope of said agency and employment.

9. Plaintiffs are informed and believe, and based thereon allege, that at all relevant times herein, Defendants and DOES 1 through 10, inclusive, knew or reasonably should have known of the acts and behavior alleged herein and the damages caused thereby, and by their inaction ratified and encouraged such acts and behavior. Plaintiffs further allege that Defendants and DOES 1 through 10, inclusive, have a non-delegable duty to prevent or cause such acts and the behavior described herein, which duty Defendants and DOES 1 though 10, inclusive, failed and/or refused to perform.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

### A. The World Famous Coach Brand and Products

10. Coach was founded seventy years ago as a family-run workshop in Manhattan, New York. Since then Coach has been engaged in the manufacture, marketing and sale of fine leather and mixed material products including handbags, wallets, and accessories including eyewear, footwear including shoes, jewelry and watches. Coach sells its goods through its own specialty retail stores, department

an office and principal place of business at 16516 Gale Avenue, City of Industry, CA 91745.

7. Upon information and belief, Defendant Su Chaing is an officer and/or owner of Defendant LongWin.

8. Plaintiffs are unaware of the names and true capacities of Defendants, whether individual, corporate and/or partnership entities, named herein as DOES 1 through 10, inclusive, and therefore sues them by their fictitious names. Plaintiffs will seek leave to amend this complaint when their true names and capacities are ascertained. Plaintiffs are informed and believes and based thereon alleges that said Defendants and DOES 1 through 10, inclusive, are in some manner responsible for the wrongs alleged herein, and that at all times referenced each was the agent and servant of the other Defendants and was acting within the course and scope of said agency and employment.

9. Plaintiffs are informed and believe, and based thereon allege, that at all relevant times herein, Defendants and DOES 1 through 10, inclusive, knew or reasonably should have known of the acts and behavior alleged herein and the damages caused thereby, and by their inaction ratified and encouraged such acts and behavior. Plaintiffs further allege that Defendants and DOES 1 through 10, inclusive, have a non-delegable duty to prevent or cause such acts and the behavior described herein, which duty Defendants and DOES 1 though 10, inclusive, failed and/or refused to perform.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

### A.   The World Famous Coach Brand and Products

10. Coach was founded seventy years ago as a family-run workshop in Manhattan, New York. Since then Coach has been engaged in the manufacture, marketing and sale of fine leather and mixed material products including handbags, wallets, and accessories including eyewear, footwear including shoes, jewelry and watches. Coach sells its goods through its own specialty retail stores, department

stores, catalogs and via an Internet website www.coach.com throughout the United States, including California.

11. Coach has used a variety of legally-protected trademarks, design elements and copyrights for many years on and in connection with the advertisement and sale of its products, including but not limited to, those detailed in this Complaint.

12. Coach has expended substantial time, money, and other resources in developing, advertising, and otherwise promoting the Coach Trademarks. As a result, products bearing the Coach Trademarks are widely recognized and exclusively associated by consumers, the public, and the trade as being high quality products sourced from Coach, and have acquired strong secondary meaning. Coach products have also become among the most popular in the world [with Coach's annual global sales reaching nearly four billion dollars ($4,000,000,000)].

**B.     The Coach Trademarks**

13. Coach is the owner of the following United States Federal Trademark Registrations (hereinafter collectively referred to as the "Coach Trademarks"):

| Reg. No. | Mark | Classes | Date of Registration | Image |
|---|---|---|---|---|
| 2,088,706 | COACH | 6, 9, 16, 18, 20 and 25 for *inter alia* key fobs, eyeglass cases, satchels, tags for luggage, luggage, backpacks, picture frames, hats, gloves and caps | September 19, 1997 | COACH |
| 3,157,972 | COACH | 35 for retail store services. | October 17, 2006 | COACH |
| 0,751,493 | COACH | 16, 18 for *inter alia* leather goods, wallets and billfolds. | June 23, 1963 | COACH |
| 2,451,168 | COACH | 9 for *inter alia* eyeglasses and sunglass Cases | May 15, 2001 | COACH |
| 2,537,004 | COACH | 24 for *inter alia* home | February 5, | COACH |

| Reg. No. | Mark | Classes | Date of Registration | Image |
|---|---|---|---|---|
| | | furnishings. | 2002 | |
| 1,846,801 | COACH | 25 for *inter alia* men's and women's coats and jackets. | July 26, 1994 | COACH |
| 3,439,871 | COACH | 18 for *inter alia* umbrellas. | June 3, 2008 | COACH |
| 2,061,826 | COACH | 12 for *inter alia* seat covers. | May 13, 1997 | COACH |
| 2,231,001 | COACH | 25 for *inter alia* men and women's clothing. | March 9, 1999 | COACH |
| 2,836,172 | COACH | 14 for *inter alia* sporting goods and stuffed toys. | April 27, 2004 | COACH |
| 2,939,127 | COACH | 9 for *inter alia* camera cases. | April 12, 2005 | COACH |
| 3,354,448 | COACH | 14 for *inter alia* jewelry. | December 11, 2007 | COACH |
| 2,446,607 | COACH | 16 for *inter alia* writing instruments. | April 24, 2001 | COACH |
| 2,291,341 | COACH | 14 for *inter alia* clocks and watches. | November 9, 1999 | COACH |
| 1,071,000 | COACH | 18, 25 for *inter alia* women's handbags. | August 9, 1977 | COACH |
| 3,633,302 | COACH | 3 for *inter alia* perfumes, lotions and body sprays. | June 2, 2009 | COACH |
| 3,908,558 | POPPY | 09 for eyeglasses and sunglasses. | January 18, 2011 | POPPY |
| 3,812,170 | POPPY | 18 for *inter alia* backpacks, briefcases, leather key chains, bags, wallets and billfolds. | June 29, 2010 | POPPY |
| 2,534,429 | COACH & LOZENGE DESIGN | 9 for *inter alia* eyeglasses, eyeglass frames and sunglasses. | January 29, 2002 | COACH |
| 3,363,873 | COACH & LOZENGE DESIGN | 3 for *inter alia* fragrances. | January 1, 2008 | COACH |
| 2,252,847 | COACH & LOZENGE DESIGN | 35 retail services. | June 15, 1999 | COACH |

| Reg. No. | Mark | Classes | Date of Registration | Image |
|---|---|---|---|---|
| 2,291,368 | COACH & LOZENGE DESIGN | 14 for *inter alia* jewelry. | November 9, 1999 | COACH |
| 2,534,429 | COACH & LOZENGE DESIGN | 9 for *inter alia* eyeglasses, eyeglass frames and sunglasses. | January 29, 2002 | COACH |
| 2,169,808 | COACH & LOZENGE DESIGN | 25 for *inter alia* clothing for men and women. | June 30, 1998 | COACH |
| 2,045,676 | COACH & LOZENGE DESIGN | 6, 9, 16, 18, 20, 25 for *inter alia* key fobs, money clips, phone cases, attaché cases, duffel bags, picture frames, hats, caps and gloves. | March 18, 1997 | COACH |
| 1,070,999 | COACH & LOZENGE DESIGN | 18, 25 for *inter alia* women's handbags. | August 9, 1977 | COACH |
| 1,309,779 | COACH & LOZENGE DESIGN | 9, 16, 18 for *inter alia* eyeglass cases and leather goods such as wallets, handbags and shoulder bags. | December 19, 1984 | COACH |
| 2,035,056 | COACH & LOZENGE DESIGN | 3, 21 for *inter alia* leather cleaning products and shoe brushes. | February 4, 1997 | COACH |
| 2,983,654 | COACH & LOZENGE DESIGN | 18, 24, 25 for *inter alia* handbags, leather goods, fabrics, swimwear, hats and shoes | August 9, 2005 | (image) |
| 2,626,565 | CC & DESIGN (Signature C) | 18 for *inter alia* handbags, purses, clutches, shoulder bags, tote bags, and wallets. | September 24, 2002 | (image) |
| 2,822,318 | CC & DESIGN (Signature C) | 24 for *inter alia* fabric for use in the manufacture of clothing, shoes, handbags, and luggage. | March 16, 2004 | (image) |

| Reg. No. | Mark | Classes | Date of Registration | Image |
|---|---|---|---|---|
| 2,832,589 | CC & DESIGN (Signature C) | 14, 16, 18, 20, 24, 25, 4, 6, 9 for *inter alia* sunglasses and eye goods, glass cases, leather | April 13, 2004 | |
| 2,592,963 | CC & DESIGN (Signature C) | 25 for *inter alia* clothing | July 9, 2002 | |
| 2,822,629 | CC & DESIGN (Signature C) | 35 for retail services for *inter alia* handbags, small leather goods, jewelry and watches. | March 16, 2004 | |
| 3,012,585 | AMENDED CC & DESIGN (Signature C) | handbags, purses, fabrics and clothing. | November 8, 2005 | |
| 3,396,554 | AMENDED CC & DESIGN (Signature C) | 3 for *inter alia* fragrances. | March 11, 2008 | |
| 3,784,814 | COACH OP ART | 9 for eyeglasses and sunglasses. | May 4, 2010 | |
| 3,779,466 | COACH OP ART | 6, 9, 14, 16, 18, 25 for *inter alia* key fobs, glasses, jewelry, daily planners, backpacks, billfolds, and belts. | April 20, 2010 | COACH OP ART |
| 3,696,470 | COACH OP ART & Design | 18, 24 and 25 for *inter alia* bags, umbrellas, shoes and the manufacture of these goods. | October 13, 2009 | |
| 3,251,315 | COACH EST. 1941 | 18, 25 for *inter alia* handbags, small leather goods, jackets and coats. | June 12, 2007 | |
| 3,413,536 | COACH EST. 1941 STYLIZED | 14, 18, 25 for *inter alia* handbags, purses, shoulder bags, tote bags, and wallets. | April 15, 2008 | Coach est.1941 |

| Reg. No. | Mark | Classes | Date of Registration | Image |
|---|---|---|---|---|
| 3,441,671 | COACH LEATHERWARE EST. 1941 [Heritage Logo] | 9, 14, 18, 25 for *inter alia* handbags, leather cases, purses, and wallets. | June 3, 2008 | |
| 1,664,527 | THE COACH FACTORY STORE & LOZENGE DESIGN | 42 for *inter alia* retail services for leather ware. | November 12, 1991 | |
| 3,338,048 | COACH STYLIZED | 18 for *inter alia* luggage, backpacks and shoulder bags | November 11, 2007 | |
| 3,149,330 | C & LOZENGE LOGO | 9, 14, 16, 25 for *inter alia* desk accessories, clothing and eye glasses. | September 26, 2006 | |
| 2,162,303 | COACH & TAG DESIGN | 25 for *inter alia* clothing. | June 2, 1998 | |
| 2,088,707 | COACH & TAG DESIGN | 18 for *inter alia* accessory cases, backpacks and satchels. | August 19, 1997 | |

14. Coach has long been manufacturing and selling in interstate commerce high quality leather and mixed material products under the Coach Trademarks. These registrations are valid and subsisting and the majority are incontestable. All registrations originally held in the name of Coach's predecessors, Sara Lee corporation and Saramar corporation, were assigned in full to Coach on or about October 2, 2000.

15. The registration of the Coach trademarks constitutes prima facie evidence of their validity and conclusive evidence of Coach's exclusive right to use the Coach Trademarks in connection with the goods identified therein and other commercial goods.

16. The registration of the Coach Trademarks also provides constructive notice to Defendants of Coach's ownership and exclusive rights in the Coach Trademarks.

17. The Coach Trademarks qualify as famous marks, as that term is used in 15 U.S.C. § 1125(c)(1).

18. The Coach Trademarks at issue in this case have been continuously used in interstate commerce and have never been abandoned.

19. As a result of extensive use and promotion, the Coach Trademarks have acquired a favorable reputation to consumers as an identifier and symbol of Coach and its products, services, and goodwill. Accordingly, Coach is the owner of broad common-law and federal trademark rights in the Coach Trademarks.

**C.     Defendants' Infringing Conduct**

20. In or around April, 2014, Coach discovered that products, including but not limited to bras and panties, bearing marks and designs substantially indistinguishable from or confusingly similar to one or more of the Coach Trademarks were being offered for sale by Defendants.

21. Upon information and belief, Plaintiffs allege that Defendant Su Chiang is the owners of LongWin and is the active, moving, conscious forces behind the aforesaid infringing activities.

22. None of the above-named Defendants are authorized by Coach to manufacture, distribute, advertise, offer for sale, and/or sell merchandise bearing any of Plaintiffs' federally registered trademarks or trade dresses.

## FIRST CLAIM FOR RELIEF

### (Trademark Counterfeiting)

23. Plaintiffs incorporate herein by reference the averments of the preceding paragraphs as though fully set forth herein.

24. Defendants, without authorization from Coach, have used and are continuing to use spurious designations that are identical to, or substantially indistinguishable from, the Coach Trademarks in interstate commerce.

25. The foregoing acts of Defendants are intended to cause, have caused, and are likely to continue to cause confusion or mistake, or to deceive consumers, the public, and the trade into believing that Defendants' infringing products are genuine or authorized products of Coach.

26. Upon information and belief, Defendants have acted with knowledge of Coach's ownership of the Coach Trademarks and with deliberate intention or willful blindness to unfairly benefit from the incalculable goodwill inherent in the Coach Trademarks.

27. Defendants' acts constitute trademark counterfeiting in violation of Section 32 of the Lanham Act (15 U.S.C. § 1114).

28. Upon information and belief, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

29. Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

30. Defendants' acts have damaged and will continue to damage Plaintiffs, and Plaintiffs have no adequate remedy at law.

31. In light of the foregoing, Plaintiffs are entitled to injunctive relief prohibiting Defendants from using the Coach Trademarks or any marks identical and/or confusingly similar thereto for any purpose, and to recover from Defendants all damages, including attorneys' fees, that Plaintiffs have sustained and will sustain as a result of such infringing acts, and all gains, profits and advantages obtained by Defendants as a result thereof, in an amount not yet known, as well as the costs of this action pursuant to 15 U.S.C. § 1117(a), attorneys' fees and treble damages pursuant to 15 U.S.C. § 1117(b), and/or statutory damages pursuant to 15 U.S.C § 1117(c).

## SECOND CLAIM FOR RELIEF

### (Federal Trademark Infringement)

32. Plaintiffs incorporate herein by reference the averments of the preceding paragraphs as though fully set forth herein.

33. Plaintiffs' Coach Trademarks are nationally recognized, including within the Central District of California, as being affixed to goods and merchandise of the highest quality and coming from Plaintiffs.

34. The registrations embodying the Coach Trademarks are in full force and effect and Plaintiffs have authorized responsible manufacturers and vendors to sell merchandise with these marks.

35. Defendants' unauthorized use of the Coach Trademarks in interstate commerce and advertising relating to same constitutes false designation of origin and a false representation that the goods and serves are manufactured, offered, sponsored, authorized, licensed by or otherwise connected with Plaintiffs or come from the same source as Plaintiffs' goods and are of the same quality as that assured by the Coach Trademarks.

36. Defendants' infringing use of the Coach Trademarks is without Plaintiffs' permission or authority and in total disregard of Plaintiffs' rights to control its trademarks.

37. Defendants' activities are likely to lead to and result in confusion, mistake or deception, and are likely to cause the public to believe that Plaintiffs have produced, sponsored, authorized, licensed or is otherwise connected or affiliated with Defendants' commercial and business activities, all to the detriment of Plaintiffs.

38. Upon information and belief, Defendants' acts are deliberate and intended to confuse the public as to the source of Defendants' goods or services and to injure Plaintiffs and reap the benefit of Plaintiffs' goodwill associated with Plaintiffs' trademarks.

39. As a direct and proximate result of Defendants' willful and unlawful conduct, Plaintiffs have been injured and will continue to suffer injury to their business and reputation unless Defendants are restrained by this Court from infringing Plaintiffs' trademarks.

40. Plaintiffs have no adequate remedy at law.

41. In light of the foregoing, Plaintiffs are entitled to injunctive relief prohibiting Defendants from using the Coach Trademarks, including but not limited to the CC Mark, or any marks identical and/or confusingly similar thereto, for any purpose, and to recover from Defendants all damages, including attorneys' fees, that Plaintiffs have sustained and will sustain as a result of such infringing acts, and all gains, profits and advantages obtained by Defendants as a result thereof, in an amount not yet known, as well as the costs of this action pursuant to 15 U.S.C. § 1117(a), attorneys' fees and treble damages pursuant to 15 U.S.C. § 1117(b), and/or statutory damages pursuant to 15 U.S.C § 1117(c).

## THIRD CLAIM FOR RELIEF

### (Trade Dress Infringement)

42. Plaintiffs incorporate herein by reference the averments of the preceding paragraphs as though fully set forth herein.

43. Coach has used the CC Mark in association with the sale of goods in its "Signature" line of goods since as early as 2001. Coach's Signature line of products features the CC Mark in a repeating pattern in various sizes, colors, and patterns ("CC Design")

44. The CC Design is nonfunctional and its inherently distinctive quality has achieved a high degree of consumer recognition and serves to identify Coach as the source of high quality goods.

45. Defendants' unauthorized use of the CC Design on their merchandise in interstate commerce and advertising relating to same constitutes false designation of origin and a false representation that the goods and services are manufactured, offered,

sponsored, authorized, licensed by or otherwise connected with Plaintiffs or come from the same source as Plaintiffs' goods when in fact they do not.

46. Defendants' use of the CC Design is without Plaintiffs' permission or authority and in total disregard of Plaintiffs' rights to control its trademarks.

47. Defendants' use of the CC Design is likely to lead to and result in confusion, mistake or deception, and are likely to cause the public to believe that Plaintiffs have produced, sponsored, authorized, licensed or is otherwise connected or affiliated with Defendants' commercial and business activities, all to the detriment of Plaintiffs.

48. Plaintiffs have no adequate remedy at law.

49. In light of the foregoing, Plaintiffs are entitled to injunctive relief prohibiting Defendants from using the CC Design, or any designs identical or confusingly similar thereto, and to recover all damages, including attorneys' fees, that Plaintiffs have sustained and will sustain, and all gains, profits and advantages obtained by Defendants as a result of its infringing acts alleged above in an amount not yet known, and the costs of this action.

## FOURTH CLAIM FOR RELIEF

### (False Designations of Origin and False Advertising)

50. Plaintiffs incorporate herein by reference the averments of the preceding paragraphs as though fully set forth herein.

51. The Coach Trademarks and CC Design are nonfunctional and their inherently distinctive quality has achieved a high degree of consumer recognition and serves to identify Coach as the source of high quality goods.

52. Defendants' unauthorized use of Plaintiffs' Coach Trademarks and CC Design on their merchandise in interstate commerce and advertising relating to same constitutes false designation of origin and a false representation that the goods are manufactured, offered, sponsored, authorized, licensed by or otherwise connected with Plaintiffs or come from the same source as Plaintiffs' goods when in fact they do not.

53. Defendants' use of Plaintiffs' Coach Trademarks and CC Design is without Plaintiffs' permission or authority and in total disregard of Plaintiffs' rights to control its trademarks.

54. Defendants' activities are likely to lead to and result in confusion, mistake or deception, and are likely to cause the public to believe that Plaintiffs have produced, sponsored, authorized, licensed or is otherwise connected or affiliated with Defendants' commercial and business activities, all to the detriment of Plaintiffs.

55. Plaintiffs have no adequate remedy at law.

56. In light of the foregoing, Plaintiffs are entitled to injunctive relief prohibiting Defendants from using Plaintiffs' Coach Trademarks and CC Design, or any marks and/or designs identical and/or confusingly similar thereto, and to recover all damages, including attorneys' fees, that Plaintiffs have sustained and will sustain, and all gains, profits and advantages obtained by Defendants as a result of their infringing acts alleged above in an amount not yet known, and the costs of this action.

## FIFTH CLAIM FOR RELIEF

**(Violation of Unfair Competition Law - California Business and Professions Code § 17200 et seq.)**

57. Plaintiffs incorporate herein by reference the averments of the preceding paragraphs as though fully set forth herein.

58. Defendants' foregoing acts violate the Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 et seq., because they constitute unlawful, unfair, and fraudulent conduct.

59. Defendants' conduct is unlawful in violation of the UCL because it violates Sections 32 and 43(a) of the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a), and California common law as described herein.

60. Defendants' conduct is unfair within the meaning of the UCL because it allows Defendants to benefit unjustly by virtue of the goodwill and positive reputation that members of the general public associate with Plaintiffs and their products. As

described herein, and on information and belief, Defendants have intentionally violated, and continues to violate, Plaintiffs' rights in the Coach Trademarks and CC Design to enjoy the commercial benefits derived therefrom.

61.     Defendants' conduct is fraudulent in violation of the UCL because Defendants are willfully and deliberately misleading the public by using in commerce reproductions, counterfeits, copies, and/or colorable imitations of Plaintiffs' Coach Trademarks and CC Design.  This conduct is likely to confuse the public as to whether Defendants' products are somehow associated, affiliated, or connected with Plaintiffs' products, or vice versa.

62.     As a direct and proximate result of Defendants' fraudulent business practices, members of the public have mistakenly believed, and will continue to mistakenly believe, that Defendants' products are somehow associated, affiliated, or connected with Plaintiffs' products, or vice versa.

63.     Plaintiffs and the public have been, and continue to be, irreparably damaged by violation of this statute, and Plaintiffs have no adequate remedy at law. Unless enjoined, Defendants will continue to use the marks substantially indistinguishable from/confusingly similar to the Coach Trademarks and CC Design, further injuring Plaintiffs and the public.  It would be difficult to ascertain the compensation that could afford Plaintiffs adequate relief for such continuing acts.

64.     As a direct, proximate, and foreseeable result of Defendants' wrongful conduct, as alleged above, Plaintiffs have lost, and continue to lose, income they otherwise would have received from customers of their accessories business.  Plaintiffs are entitled to relief, including a permanent injunction barring Defendants' unfair business acts or practices.

## SIXTH CLAIM FOR RELIEF

**(Common Law Trademark Infringement and Unfair Competition)**

65.     Plaintiffs incorporate herein by reference the averments of the preceding paragraphs as though fully set forth herein.

66. Plaintiffs own and enjoy common law trademark rights to the Coach Trademarks in California and throughout the United States.

67. Defendants' unlawful acts in appropriating rights in Plaintiffs' common law trademarks were intended to capitalize on Plaintiffs' goodwill for Defendants' own pecuniary gain. Plaintiffs have expended substantial time, resources and effort to obtain an excellent reputation for itself and its family of Marks. As a result of Plaintiffs' efforts, Defendants are now unjustly enriched and is benefiting from property rights that rightfully belong to Plaintiffs.

68. Defendants' unauthorized use of Plaintiffs' Coach Trademarks has caused and is likely to cause confusion as to the source of Defendants' products, all to the detriment of Plaintiffs.

69. Defendants' acts are willful, deliberate, and intended to confuse the public and to injure Plaintiffs.

70. Defendants' acts constitute trademark infringement and unfair competition under California common law.

71. Plaintiffs have been irreparably harmed and will continue to be irreparably harmed as a result of Defendants' unlawful acts unless Defendants are permanently enjoined from its unlawful conduct.

72. The conduct herein complained of was extreme, outrageous, fraudulent, and was inflicted on Plaintiffs in reckless disregard of Plaintiffs' rights. Said conduct was despicable and harmful to Plaintiffs and as such supports an award of exemplary and punitive damages in an amount sufficient to punish and make an example of the Defendants and to deter them from similar such conduct in the future.

73. Plaintiffs have no adequate remedy at law.

74. In light of the foregoing, Plaintiffs are entitled to injunctive relief prohibiting Defendants from using Plaintiffs' Coach Trademarks, or marks and/or designs identical and/or confusingly similar thereto, and to recover all damages, including attorneys' fees, that Plaintiffs has sustained and will sustain and all gains,

profits and advantages obtained by Defendants as a result of their infringing acts alleged above in an amount not yet known, and the costs of this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully pray that this Court enter judgment in their favor and against Defendants as follows:

A. Granting temporary, preliminary and permanent injunctive relief restraining Defendants, their agents, servants, employees, officers, associates, attorneys, and all persons acting by, through, or in concert with any of them, from:

(1) Using the Coach Trademarks and CC Design or any marks confusingly similar thereto, in connection with the manufacturing, distribution, advertising, offering for sale, and/or sale of merchandise;

(2) Using any of Coach's federally registered trademarks, copyrighted works, and/or designs in connection with the manufacturing, distribution, advertising, offering for sale, and/or sale of merchandise;

(3) Committing any other act which falsely represents or which has the effect of falsely representing that the goods and services of Defendants are licensed by, authorized by, offered by, produced by, sponsored by, or in any other way associated with, Coach;

(4) Otherwise infringing upon Coach's federally registered trademarks, copyrighted works, and/or trade dresses;

(5) Otherwise diluting Coach's federally registered trademarks, copyrighted works, and/or trade dresses;

(6) Unfairly competing with Coach.

B. Awarding actual damages suffered by Plaintiffs as a result of Defendants' acts;

C. Ordering an accounting by Defendants of all gains, profits and advantages derived from its wrongful acts;

D. Ordering Defendants to disgorge their profits;

E.   Awarding Plaintiffs all of Defendants profits and all damages sustained by Plaintiffs as a result of Defendants' wrongful acts, and such other compensatory damages as the Court determines to be fair and appropriate pursuant to 15 U.S.C. § 1117(a);

F.   Awarding treble damages in the amount of Defendants' profits or Plaintiffs' damages, whichever is greater, for willful infringement pursuant to 15 U.S.C. § 1117(b).

G.   Awarding applicable interest, costs, disbursements and attorneys' fees, pursuant to 15 U.S.C. § 1117(b);

H.   Awarding Plaintiffs statutory damages pursuant to 15 U.S.C. §1117(c).

I.   Awarding Plaintiffs punitive damages in connection with their claims under California law; and

J.   Awarding Plaintiffs such other and further relief as the Court deems just and proper.

Dated: May 14, 2014

BLAKELY LAW GROUP

By: _____
Brent H. Blakely
Michael Marchand
*Attorneys for Plaintiffs*
*Coach, Inc. and Coach Services, Inc.*

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs hereby demand a trial by jury as to all claims in this litigation.

Dated: May 14, 2014

BLAKELY LAW GROUP

By: _____
Brent H. Blakely
Michael Marchand
*Attorneys for Plaintiffs*
*Coach, Inc. and Coach Services, Inc.*